IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. JKB-18-0022 |
| | CIVIL NO. JKB-19-1399 |
| CLARENCE D. FERGUSON | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending before the Court is the Defendant's MOTION TO VACATE (ECF No. 68) as later supplemented (ECF No. 71). The Government has responded (ECF No. 78) and the Defendant has replied (ECF No. 81).

The Court has carefully reviewed the record and all of the relevant submissions in the docket. The Court adopts the reasoning set out in the Government's RESPONSE (ECF No. 78) as its own, and the Court relies heavily on the transcripts that have been submitted (ECF Nos. 77, 79). The Defendant has failed to carry his burdens under *Strickland* – he has not demonstrated that he received ineffective assistance of counsel.

Specifically, the Defendant has failed to overcome the presumption that his counsel's decisions and tactics were based on a sound strategy to defend him. Even if he had carried his burden on that prong, which he did not, he has also failed to demonstrate that any error by his counsel actually affected the outcome of the proceeding. The Defendant has failed to satisfy the "reasonable probability" standard of *Strickland*. The Defendant quarrels with how and the extent to which his mental health issues were presented by his lawyer, but there can be no denying that these issues were a feature in what counsel argued and presented in mitigation. *See* ECF No. 47,

p. 2-3; ECF No. 47-4; ECF No. 79, pp. 12-13, 20, 22, 32-33, 36, 37. And, even today, there is no proffer of a condition that would amount to a defense to the charge.

The Defendant's efforts now are simply insufficient to undo the conviction. The record reflects that his counsel fought hard for him . . . and, that the effort achieved results that were unlikely but for that good advocacy.

Accordingly, for the reasons set out above, and for the reasons set out in the Government's RESPONSE (ECF No. 78), the MOTION (ECF No. 68) which is later supplemented (ECF No. 71) is DENIED. The Clerk shall CLOSE THIS CASE.

DATED this 25 day of February, 2020.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge